NEW JERSEY MISCELLANEOUS REPORTS. 621

Supreme Court—Manasquan Fish Co. v. Penna. R. R. Co.

MANASQUAN FISH COMPANY, PLAINTIFF, v. PENNSYL-
VANIA RAILROAD COMPANY ET AL., DEFENDANTS.

HARRY MAY ET AL., TRADING AS THE FEDERAL FISH
COMPANY, PLAINTIFFS, v. PENNSYLVANIA RAILROAD
COMPANY ET AL., DEFENDANTS.

SEASIDE HEIGHTS FISH COMPANY, PLAINTIFF, v. PENN-
SYLVANIA RAILROAD COMPANY ET AL., DEFENDANTS.

Argued January term, 1926—Decided June 23, 1926.

**Negligence—Railroad Locomotive Causing Fire on Adjoining
Property—Urged That Plaintiff's Verdict was Against Clear
Weight of Evidence—Testimony Here Presented a Situation
Upon Which Reasonable Minds May Differ, and it Cannot
be Said, Therefore, That the View of Either Side Cannot be
Supported by a Construction of Testimony Invoked to Sup-
port it—Verdicts Rendered in Such Cases Cannot Legally
be Disturbed by the Court Without Manifestations of Mis-
take, Passion or Prejudice on the Part of the Jury Who Are
Constituted by Law as the Arbiters of the Facts.**

On rule to show cause.

Before Justices PARKER, MINTURN and BLACK.

For the rule, *W. Holt Apgar.*

*Contra, James Mercer Davis.*

PER CURIAM.

These three actions were tried before the court and jury in
the Ocean Circuit, and judgments aggregating $13,250 were
rendered for the plaintiffs. The defendants thereafter ob-
tained rules to show cause. The respective plaintiffs brought
suits to recover damages against the defendant railroad com-
panies for the destruction by fire of fish nets which had been
spread on land adjoining the railroad right of way at Sea-

side Park. The Pennsylvania and Atlantic Railroad Company owned the right of way and the Pennsylvania Railroad Company operated trains thereon. It is urged in favor of the rules that the verdicts were against the clear weight of the evidence.

The plaintiffs' evidence was that the fire occurred on April 8th, 1925, upon a clear, windy morning. The Pennsylvania railroad train passed about ten forty-three A. M.; the fire was seen "fifteen minutes after," "fifteen or twenty minutes later," "shortly after," "not over twenty minutes at the longest," "ten or fifteen minutes," according to the memories of the witnesses. It started "fifteen feet from the track," "five or six feet down the embankment," "six or eight feet from tracks," according to the testimony of witnesses. One witness noticed a locomotive "spitting" a few cinders out as it passed. It was further in evidence that the railroad right of way was not cleared of combustible materials made up of vegetable growth.

The defendants' witnesses testified that the smoke screens and ash pans upon the locomotive in question were in good repair, as evidenced by examination made by witnesses. The testimony, *pro* and *con,* presents a situation upon which reasonable minds may differ in seeking to solve the cause of the damage, and it cannot, therefore, be said, arbitrarily, by a court, that the view of either side as a debatable question cannot be supported by a construction of the testimony invoked to support it. Manifestly, verdict rendered in such situation cannot be legally disturbed upon the mere difference of view of the court, based upon a critical analysis of the testimony, without the apparent manifestations of mistake, passion or prejudice upon the part of the jury, who are constituted by law as the arbiters of the facts. *Boesch* v. *Kick,* 97 *N. J. L.* 92.

Such is the situation presented by this record, and, for that reason, we conclude that the rule to show cause must be discharged.